IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DANA A. MILLER,                )
                               )
        Plaintiff,              )
                               )
v.                             )    Case No. CIV-10-333-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.              )

## OPINION AND ORDER

Plaintiff Dana A. Miller (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 7, 1976 and was 33 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant worked in the past as a retail cashier. Claimant alleges an inability to work beginning June 1, 2002 with an amended onset date of September 16, 2005, due to

3

limitations arising from seizures, depression, anxiety, arthritis, personality disorder, pain disorder, and headaches.

## Procedural History

On May 27, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 6, 2009, an administrative hearing was held before ALJ John W. Belcher in Tulsa, Oklahoma. On August 19, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On July 23, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a grocery cashier.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to: (1) perform a proper analysis at steps 4 and 5; (2) properly consider all of the medical source evidence; (3) engage in a proper credibility evaluation; and (4) protect Claimant's due process rights.

**Step Four and Five Analysis**

Claimant contends the ALJ failed to properly question the vocational expert ("VE") during the hearing. Claimant contends the ALJ should have included a limitation for her hand pain and limitations in her dexterity in her hand in the hypothetical questioning of the VE.

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, depression, degenerative arthritis and levoscoliosis in the lumbar spine, psychological pain disorder, and personality disorder. (Tr. 17). He concluded Claimant retained the RFC to perform light work, except lifting/carrying 20 pounds occasionally, 10 pounds frequently, stand/walk for six hours out of an eight hour workday, sit for eight hours in an eight hour workday, cannot climb ladders, ropes, and scaffolding, and should avoid hazardous and fast machinery, unprotected heights, driving, and pools of water. Mentally, the

ALJ found Claimant could do moderate to "complete" (complex?) work in a habituated work setting. (Tr. 21). The ALJ found Claimant, under these restrictions, could return to her past relevant work of a grocery cashier. (Tr. 23).

Claimant testified that she had difficulty gripping due to pain in her hands and she can't do anything with her hands without stopping because of the pain. (Tr. 631-32, 638). In response, the ALJ ordered consultative examinations and x-rays of Claimant's hands. (Tr. 652-53). On July 29, 2008, Dr. Beau Jennings evaluated Claimant and concluded she

> demonstrates good grip strength. She manipulates small objects well. She touches her fingers to her thumbs. There are no Heberden nodes and no clubbing. Pulses are good, as are the deep tendon reflexes. There are not joint deformities and no loss of range of motion. There is no tenderness, redness, or swelling.

(Tr. 528).

Also on July 29, 2008, Claimant underwent x-rays of both of her hands. The two views taken of the left hand revealed no bony fracture or dislocation. The joint spaces appeared normal. No degenerative findings were made. The two views of the right hand showed all bony structures were intact. No evidence of fracture, dislocation, subluxation, joint space narrowing, foreign body, or discrete bone lesion was noted. Both hands were concluded to be normal. (Tr. 515, 517). Dr. Jennings concluded Claimant had no

6

restrictions on her dexterity or grasping. (Tr. 533).

On August 13, 2008, Claimant was evaluated by Dr. John Hickman, a clinical psychologist. Dr. Hickman found Claimant reported pain during testing of her hands. He determined Claimant showed markedly slow dexterity with her right hand but normal with her left. (Tr. 521, 523). This Court cannot conclude that the findings of Dr. Hickman while performing a mental health evaluation and based upon the subjective statements of Claimant in comparison with the objective testing of Dr. Jennings warranted a limitation upon Claimant's ability to use her hands effectively in either the questioning of the VE or in the RFC assessment.

Claimant also contends a restriction should have been included for her headaches. Claimant begins this portion of her argument referencing various portions of the medical record where she testified to her headaches. (Tr. 518, 618, 621, 642-43, 676). Then, she begins arguing the ALJ failed to include limitations for attention and concentration problems as well as the ability to remember locations and work-like procedures. On Claimant's argument surrounding headaches, no medical evidence supports any limitations attributable to this condition.

In his consultative examination, Dr. Hickman found Claimant had no limitation or no significant limitation in 19 of the 20 areas evaluated. (Tr. 524-26). The only area in which he found a

7

"moderate" limitation was the ability to remember locations and work-like procedures. (Tr. 524). The ALJ accommodated this limitation in restricting Claimant to moderately complex work. (Tr. 21). Claimant also makes a curious argument concerning a conflict in Dr. Hickman's report. Not only is this argument indecipherable, it is found to be incorrect.

Claimant next contends the ALJ failed to consider any limitations attributable to her personality disorder in his RFC evaluation. The ALJ admittedly found this condition to be a severe impairment. (Tr. 17). Claimant, however, fails to identify any limitations which might arise from this condition. The medical record does not support any such limitations as well. Without some evidence to indicate a restriction should have been included in the RFC evaluation, this Court would only be speculating as to a limitation which might arise from the condition. Consequently, no error is attributed to this omission.

Claimant makes a reference to brain damage as a condition which the ALJ should have considered. The only reference to "brain damage" in the medical record is a finding of "history of seizures and brain damage" in the record from May 19, 2004. (Tr. 237). Given that no other record corroborates such a finding, this Court must conclude the statement is a reflection of Claimant's recitation of her medical history. The lack of other medical

support gives justification to the ALJ's failure to include this condition in the RFC. Further, Claimant's reference to Dr. Hickman's report to support the brain damage contention is not well-taken. Dr. Hickman concluded Claimant had an Average Impairment Rating which was within the normal range. (Tr. 523). Even if this Court were willing to surmise that Claimant suffered from some form of brain damage, her functional capacity is overall normal.

**Medical Source Evidence**

Claimant asserts the ALJ improperly rejected the opinion of her outpatient counselor, Wanda Manos. Ms. Manos authored a letter dated July 24, 2009 which states Claimant

> has been working on self-motivation and controlling her Obsessive Compulsive Disorder (OCD). She has also been working on depression and setting boundaries. While there has been progress, there is still much work to be done. Ms. Miller has quite a bit of anxiety that centers around her epilepsy and asthmatic problems. At this time it would be difficult for Ms. Miller to hold employment due to her OCD symptoms and depression. Simple tasks are made complex due to the OCD and depression and anxiety follow those symptoms. Her depression would also be exacerbated by leaving the family to work as she would worry constantly about their welfare.

(Tr. 570).

The ALJ failed to give this opinion any weight, finding Ms. Manos is neither a psychologist nor a medical doctor. (Tr. 23).

Ms. Manos certainly cannot be classified as an acceptable medical source such that she could establish an impairment, including her statements concerning OCD. 20 C.F.R. § 404.1513(a). At best, Ms. Manos' opinion constitutes an "other source" under 20 C.F.R. § 404.1513(d) to indicate the severity of any impairment. The ALJ stated he considered the opinion but rejected it due to a lack of objective support and the qualifications of the author. (Tr. 23). This analysis is sufficient consideration of Ms. Manos' opinion.

### Credibility Analysis

The ALJ concluded Claimant's credibility was questionable. He found Claimant contradicted herself on several occasions in her testimony regarding the onset of her conditions and their limiting effects. (Tr. 22-23). He further found the consultative examinations he ordered did not support her findings of limitation in her activities of daily living. (Tr. 23).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility

10

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

This Court finds the ALJ performed an adequate evaluation of Claimant's testimony in light of the objective medical record. Claimant's testimony of considerable limitation in her activities is simply not supported by record and the medical professionals most familiar with Claimant's condition.

### Due Process Protection

Claimant also alleges the ALJ violated her due process rights by having an *ex parte* communication with the consultative examiner. Claimant references an exchange between Claimant's attorney and the

ALJ wherein the ALJ states he has asked Dr. Hickman to begin putting certain additional findings in his reports but that the request may have been after Dr. Hickman made the report on Claimant. (Tr. 667-69). This Court is at a loss to ferret out the alleged violation of Claimant's due process rights in the ALJ's communication with Dr. Hickman, especially when the ALJ admits the communication had no effect in Claimant's case. No error or constitutional violation is found in this regard.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 26th day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE